PETER DOOLEY *vs.* ROYAL S. WATSON.

The owner of land, who agrees in writing to convey it on certain terms, and at the same time, by another written agreement, promises to forfeit a sum of money, if he fail so to convey, may be compelled in equity to convey the land, on performance of the terms of the agreement by the other party.

Specific performance of a contract to convey land in this commonwealth may be decreed against an inhabitant of another state, who has been personally served with notice here.

BILL IN EQUITY for the specific performance of a written agreement, dated at Cheshire, January 24th 1854, whereby the plaintiff agreed to pay the defendant twenty dollars per acre for eighty two acres of land in Dalton, known as the Watson lot, " one half of what the above will come to, by the 27th day of January instant, and the balance in four months from date; " and the defendant agreed to give the plaintiff a warranty deed of the land as soon as the plaintiff should fulfil the agreement on his part. The bill alleged a performance by the plaintiff of the agreement on his part, a demand on the defendant for a deed of the land, and the defendant's refusal to give a deed.

The defendant, who resided in the State of Connecticut, but was personally served with notice in this commonwealth, in his answer admitted the execution of the agreement, the offer of the plaintiff to perform, and the refusal of the defendant to give a deed; but alleged that the only agreement between the parties was, that the defendant should make a deed according to the terms of said agreement, or forfeit and pay to the plaintiff the sum of $100, and that the plaintiff should pay the price for the land or forfeit the sum of $50; and the agreement was then put in writing; and three several instruments were then made, which together constituted the transaction; that one of these instruments was signed by both parties, and was that set forth in the bill; that a second was signed by the defendant, and delivered to the plaintiff, of which the following is a copy : " Cheshire, January 24th 1854. For value received, I promise to pay to Peter Dooley one hundred dollars, provided I fail to fulfil on my part an agreement made at Cheshire on the 24th

of January 1854, between Peter Dooley and R. S. Watson, on a piece of land situated in Dalton; if fulfilled, this note is void; if not, payable on the day said agreement was to be executed;" and a third instrument was signed by the plaintiff and delivered to the defendant, which was also copied in the answer, and was similar to the one signed by the defendant, except that the forfeiture named was fifty dollars. The answer further alleged that the plaintiff still held the note or instrument signed by the defendant, and that the defendant was ready to pay it on presentation; and that the defendant's obligation to pay his said note was his only obligation to the plaintiff arising out of said agreement.

*H. L. Dawes*, for the plaintiff. If the agreement of both parties set forth in the bill, and the agreement signed by the defendant set forth in the answer, are to be construed together as one agreement, they are equivalent to a bond with a penalty, conditioned to convey real estate; and the specific performance of such a bond will be enforced in equity. *Howard* v. *Hopkyns*, 2 Atk. 371. 1 Powell on Con. 314. *Hopson* v. *Trevor*, 1 Stra. 533. 7 Dane Ab. 543. 4 Dane Ab. 13, 15. 2 U. S. Eq. Dig. Specific Performance, pl. 107, 164. *Ensign* v. *Kellogg*, 4 Pick. 1. *Plunkett* v. *Meth. Episc. Society*, 3 Cush. 566.

*J. Rockwell*, for the defendant. The several instruments, executed by the parties at the same time, taken together, show either an agreement, the principal obligation of which on the part of the defendant is the payment of money, and not the conveyance of land; or an agreement that the defendant will pay the money or convey the land at his option; and a court of equity will not enforce the performance of the stipulation to convey the land. 2 Story on Eq. §§ 746, 750, 769, 770, 787.

The defendant is out of the Commonwealth, and therefore no decree can be made against him. *Spurr* v. *Scoville*, 3 Cush. 578.

*Dawes*, in reply. In *Spurr* v. *Scoville*, the defendant was not personally served with notice. But the defendant in this case, having been served with notice, is subject to the jurisdiction of the court. See 3 Cush. 581, 583.

SHAW, C. J.   The promise of the defendant to pay the plaintiff one hundred dollars, if the defendant should fail to perform his agreement to convey the land, was merely a security for the performance of that agreement.   Courts of equity have long since overruled the doctrine that a bond for the payment of money, conditioned to be void on the conveyance of land, is to be treated as a mere agreement to pay money.   When the penalty appears to be intended merely as a security for the performance of the agreement, the principal object of the parties will be carried out.   The agreement between the parties in this case is clearly no alternative agreement.   It was an absolute agreement to convey real estate, and may be treated in all respects as such, either in a court of law or equity, without regard to the note.

The defendant, by coming within the Commonwealth, and being personally served with notice here, has submitted himself to the jurisdiction of the court.

*Specific performance decreed.*