## TURCK v. MARSHALL SILVER MINING COMPANY.

8   113<br>28   255

A bond is said to be *prima facie* a penal obligation, and the sum mentioned therein is not treated as liquidated damages, unless other language used in the instrument, or accompanying circumstances, show that such was the intention of the contracting parties.

*Appeal from District Court of Clear Creek County.*

THE bond discussed in the opinion was as follows:

"*Know all men by these presents*, that the Marshall Silver Mining Company of Georgetown, Clear Creek county, Colorado, a corporation duly organized under

the laws of Colorado territory, is held and firmly bound unto John Turck, of said county and territory, in the sum of $5,000, lawful money of the United States, for payment of which said sum, well and truly to be made, the said Marshall Silver Mining Company binds itself, its successors and assigns, firmly by these presents. Witness the signature and seal of the said Marshall Silver Mining Company, this 22d day of July, A. D. 1871.

"The conditions of the above obligation are such, that whereas the above bounden Marshall Silver Mining Company is about to apply for a government patent to the west six hundred and fifty feet on the Q. R. lode, and the east half of the Wm. B. Astor lode, in connection with other mining property; and whereas the above-named John Turck has, on the day of the date hereof, deeded to the said Marshall Silver Mining Company all his right, title and interest in and to the west six hundred and fifty feet on the Q. R. lode, and all his right, title and interest in and to the Wm. B. Astor lode: Now, if the said Marshall Silver Mining Company shall, as soon as it shall obtain a government patent to said prop- erty, deed and convey to the said John Turck, by good and sufficient deed, No. 6 west on the Q. R. lode, and all the interest in the Wm. B. Astor lode which the said John Turck has this day conveyed to the said Marshall Silver Mining Company, and shall well and faithfully keep and perform the covenants herein, then this obliga- tion to be void; otherwise to remain in full force and effect.

"THE MARSHALL SILVER MINING COMPANY.
"By F. J. MARSHALL, Pres't,
"FRANK A. POPE, Secretary.
"Revenue, 25c. Cancel'd.
"[SEAL.]
"[M. S. M'g Co.]"

The bond was duly acknowledged and recorded.

Messrs. TELLER and ORAHOOD, for appellant.

Messrs. MORRISON and FILLIUS, for appellee.

HELM, J.   Action at law upon a bond executed by the defendant company, conditioned for the reconveyance to plaintiff of certain property therein described, upon issuance of patent therefor to the company.

We deem it sufficient for the purposes of this case to say that the sum named in this bond must be viewed as penalty, and not as liquidated damages.   There is nothing in the instrument itself, or in the evidence extraneous thereto, which justifies the conclusion that the parties intended to make $5,000 the exact measure of damages in case of failure to perform.   There was no contract of sale; the conveyance to defendant by plaintiff was simply a matter of mutual convenience to both in obtaining patent to the premises; the evidence discloses no change of possession; plaintiff remained the equitable owner notwithstanding the transfer of the legal title; and the latter title was to be reconveyed upon issuing of the patent; plaintiff introduced no proof that this amount was considered by himself and defendant as liquidated damages.

A bond is said to be "*prima facie* a penal obligation;" and the sum mentioned therein is not treated as liquidated damages unless other language used in the instrument, or accompanying circumstances, show that such was the intention of the contracting parties.

The sum named in the bond being *penalty*, plaintiff was only entitled to recover such damages as he might suffer from breach of the condition specified.   He neither proved, nor offered to prove, the extent of his injury, if any there were, under the contract; in view of the fact that defendant offered, and stood ready, to make the deed called for by the bond, it may be that no actual damages were sustained on account of the delay.   Therefore, conceding that a technical breach of the bond occurred,

plaintiff was only entitled to nominal damages; he recovered $1, and that recovery carried the costs; hence, he cannot now be heard to complain.

The clause in the judgment concerning the deeds deposited by defendant as a continuing tender imposes upon plaintiff no burden; it compels no action on his part; from it he can suffer no possible injury; the court would certainly not undertake to coerce his acceptance of these deeds against his will. There would seem to be no good reason why we should reverse the judgment on this account, and direct a new one. This provision, if improper and irregular, may be regarded as surplusage. The judgment is affirmed.

*Affirmed.*