EDWIN C. BOEHMER, APPELLANT, V. JOHANNA H. WELLEN-
SIEK ET AL., APPELLEES.

FILED JANUARY 13, 1922. No. 21757.

Specific Performance. Where an administratrix of her husband's estate held title as trustee to city business property, and where she was owner of one-third thereof, the other two-thirds being owned by minor children of herself and her deceased husband, and where she contracted to sell the entire title to another, and where they both believed they had a right to so contract, and it was only after the contract was made that her disability to make the contract good was ascertained, and the contract contained a provision that if her title failed earnest money held by her should be returned, *held* that a court of equity will not grant specific performance at the prayer of the would-be purchaser for the widow's one-third title interest.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Boehmer & Boehmer,* for appellant.

*Pitzer, Cline & Tyler* and *Fred C. Foster, contra.*

Heard before LETTON, DAY and DEAN, JJ., SEARS and WESTOVER, District Judges.

SEARS, District Judge.

One Colby owned a tract of real estate in the city of Lincoln, being the north 54 feet of lots 7, 8, and 9, block 89, on which was erected a building; it being a business property. Colby mortgaged the same to Fred W. Wellensiek. On default of the conditions of the mortgage Wellensiek instituted proceedings and a decree of foreclosure followed. At the sale Wellensiek bid in the property. Before confirmation Wellensiek died. Thereafter the widow, Johanna H. Wellensiek, was appointed administratrix and qualified as such. Suggestion was duly made of the death of Fred W. Wellensiek in the foreclosure proceeding and the same was revived in her name as administratrix. Thereupon, on the 30th day of October, 1915, the sale was confirmed and deed ordered made to the purchaser. Thereafter, on the 9th day of May, 1916, Johanna H. Wellensiek, as administratrix of the estate of Fred W. Wellensiek, deceased, made an assignment of the deceased's bid at the foreclosure sale to herself individually. This assignment being filed in the proceedings of the foreclosure suit, the sheriff executed and delivered the required deed to the premises to Johanna H. Wellensiek. During the month of August, following, in writing she contracted with Edwin C. Boehmer for the sale of said real estate, receiving a payment of $500 down, the remainder due to be paid according to stated terms. The contract contained the following clause: "If title is not good and merchantable, first party agrees to refund the sum of $500." The required abstract of title disclosed that Mrs. Wellensiek did not own the entire fee title, but that the legal effect of the deed to her was to vest the title in her as trustee for the estate of Fred W. Wellensiek, deceased, and that she herself was the owner of only an undivided one-third interest therein, and the other two-thirds belonged to two minor children of the said Fred W. and Johanna H. Wellensiek. Her rights and duties were then explained to her. Up to that time Johanna H. Wellensiek believed that she was the

owner of the property from the time of receiving the sheriff's deed in question. Upon realizing the legal status of the situation, she duly advised Boehmer of the same and offered to return the amount received from him. This offer Boehmer refused, and he brought this action, praying that her one-third interest in the property in question should be decreed to him upon his paying to her a proportionate share of the purchase price. It is agreed that all parties acted in good faith in making the contract of sale and purchase. On the trial of the case below the decision was against Boehmer generally, and his action was dismissed as being without right or equity, and from this decree Boehmer appeals to this court.

There are two questions that seem to present themselves as controlling the case: (1) What is the legal effect of the condition in the contract wherein was stated the duty to refund the $500 received by Mrs. Wellensiek upon failure of her title? (2) Would the interests of the minor defendants and heirs, that is, the children of Fred W. and Johanna H. Wellensiek, who own the other two-thirds interest in the said real estate, be prejudiced by decreeing specific performance according to the prayer of Boehmer? Both questions must be largely controlled by the settled rule that specific performance is not granted in courts of equity as a matter of right, but only where the chancery conscience is clearly satisfied in granting such relief.

First, as to the reserved clause or option to refund if title should fail. There is no reason why this clause should not be given the same force as any other provision of the contract in question. No misrepresentations were made; that is, in bad faith. Each side had the same access to the files and proceedings of the estate case of Fred W. Wellensiek, and of the foreclosure case, and each side is equally presumed to know the laws of the state. Having this situation in mind, the provision in question was placed in the contract. Did Johanna H.

Wellensiek's title fail according to the meaning of the term "good and merchantable," as found in the reservation? The title that was contracted with reference to was, in the purview of all, the entire title. Undoubtedly the contract provision in question has a meaning of such broadness that if, by reason of any such defect in the contractor's title being discovered, the title if tendered by her would not meet the terms of the requirement of entire title, then the contractor at least has an option to cancel the contract. There must be some mutuality. Boehmer could not be required to take a partial interest where he had contracted to take an entirety, and he is the one who has come into the court of equity.

As to the second point. The persons and the estates of minors are always under the watchful care and consideration of courts having jurisdiction over them. Here we have two children of tender years who together own two-thirds of the real estate involved, and the other one-third is owned by their mother. By virtue of her relation to the children and property she has the same control of the property that she has of the children. Where can the satisfactory argument appear that to oust the mother from her one-third interest and vest it in a stranger—who may the next day file a suit in partition or fail to work harmoniously with the other two-thirds interests—is a kindly watching out for and conserving of the estates of minors? Such suggested lucidity of sophistry as yet has not appeared in this case, either on printed page, or forum statement.

By reason of the conclusions reached, as indicated, the determination of the case by the trial judge is, in all things,

AFFIRMED.