EDWARD E. RUZICKA, APPELLANT, V. W. O. SAYLOR ET AL.,
APPELLEES.

FILED FEBRUARY 16, 1922.   No. 21772.

1. **Specific Performance.** Where a contract to convey real property
contains a stipulation that "it is further agreed that in case
either of the parties hereto shall fail to perform the stipulations
of this contract, or any part of the same, he shall pay the other
party to this contract the sum of $5,000 as damages for nonful-
filment of contract," specific performance will not be denied where
the contract, construed as a whole, does not provide that damages may be paid in lieu of performance.

2. **Evidence** examined, and *held* to support the findings and decree
of the trial court.

APPEAL from the district court for Merrick county:
A. M. POST, JUDGE. *Affirmed.*

*W. T. Thompson* and *J. C. Martin,* for appellant.

*Prince & Prince* and *E. E. Ross, contra.*

Heard before LETTON, DEAN, ALDRICH and DAY, JJ.,
CLEMENTS (E. P.) and DILWORTH, District Judges.

DAY, J.

On July 25, 1919, the plaintiff, as purchaser, and the
defendants, as vendors, entered into a contract of sale for
a tract of land consisting of 227.25 acres in Merrick
county, Nebraska, for the sum of $68,175. Five thousand
dollars of the purchase price was paid at the time of the
execution of the contract, and the remainder thereof was
to be paid on or before March 1, 1920. By the terms of
the contract the vendors were to furnish a good and
sufficient abstract of title, deliver a warranty deed for
the premises, and give possession, on or before March 1,
1920. On March 1, 1920, the date upon which the final
payment was to be made, the plaintiff brought this action
to cancel and annul the contract of sale, alleging that
when the contract was made the defendants knew that the
plaintiff was buying the land for the purpose of re-sale,

and that as an inducement for the purchase the defendants promised to aid and assist the plaintiff in selling the land before March 1, 1920, at a price in excess of $300 an acre; that in disregard of their promise the defendants repeatedly interfered with the sale of said lands by wrongfully and untruthfully stating to prospective purchasers who came to inspect the land that it was not worth the price the plaintiff had agreed to pay for it, and that better lands could be secured at a price of $175 an acre; that the defendants further interfered ·in the sale of the land by preventing the plaintiff's agents from going thereon and showing it to prospective purchasers; and that the acts of the defendants rendered it impossible for the plaintiff to sell the land and raise the money to complete the payment of the agreed purchase price. The plaintiff also alleged that the defendants had failed to furnish an abstract of title showing a good and merchantable title in themselves; that with the consent of the defendants the plaintiff had cultivated and planted grain on a part of said.land in the fall of 1919; and that the defendants now refuse to allow the plaintiff· to enter upon the land and harvest the crop. The petition prayed that the court take cognizance in equity of the matters alleged; that the contract be construed and the rights of the respective parties under it determined; and that the defendants be required to refund to the plaintiff the $5,000 paid upon the contract, with interest thereon, and damages.

The answer of the defendants denied each and every allegation of the petition, except defendants admitted the execution and delivery of the contract, the payment of the sum of $5,000 on the purchase price, and that the plaintiff had cultivated and planted small grain upon a part of the premises prior to March 1, 1920, through the tenant who was still in possession of the land. By cross-petition the defendants alleged the making and full performance on their part of the contract; that prior to the 1st day of March, 1920, they delivered to the plaintiff an ab-

stract of title to the premises for the purpose of enabling the plaintiff to examine the same; that the plaintiff received the abstract and has ever since retained the same, and has never at any time prior to the filing of his petition claimed any defects existing therein, or requested the defendants to make any corrections thereof. The defendants tendered into court for delivery to the plaintiff a warranty deed to the lands described, upon the payment by the plaintiff of the remainder of the purchase price due upon the contract. The defendants prayed specific performance of the contract, and that, in the event the plaintiff failed to pay the amount found due upon the contract, the plaintiff be foreclosed of any equity of redemption in the land under the contract; that the lands be sold according to law, and out of the proceeds thereof the defendants be paid the amount adjudged to be due them on the contract, and for judgment against the plaintiff for any deficiency which may remain after applying the proceeds of the sale upon the amount adjudged to be due. The reply denied the matters set out in the cross-petition.

By the judgment of the trial court the plaintiff's alleged cause of action was dismissed as being without equity. Upon the cross-petition the court found that the agreement between the parties was a contract of sale, and not a mere option to purchase at plaintiff's election; that the defendants held the legal title to the land in trust for the plaintiff as security for the unpaid purchase price upon the contract, to wit, $63,175, with interest at 7 per cent. from March 1, 1920; that plaintiff was in default in payment of that sum; and that the defendants had fully performed their part of the contract. Upon these findings a judgment of foreclosure was entered in the usual form in favor of the defendants for the amount above stated. From this judgment the plaintiff appeals.

Upon the issue of fraud raised by the pleadings in procuring the contract, we think it may well be doubted whether the allegations of the petition amount to more

than an unfulfilled promise on the part of the defendants. But, assuming that the allegations of the petition are sufficient, we think the testimony fails to establish action-able fraud. There is no testimony whatever that the plaintiff believed or relied upon the alleged promise of the defendants in entering into the contract. The position of the plaintiff that the defendants failed to furnish a good and sufficient abstract of title is not supported by the testimony. It is shown that on or about January 17, 1920, the defendants furnished the plaintiff an abstract of title to the land in question, which was returned to the defendants for certain corrections; that on or about February 2, 1920, the defendants, having made the corrections desired, again delivered the abstract to the plaintiff, and that the plaintiff has ever since retained the abstract, and has made no further objections to the title. We think the judgment of the trial court in dismissing the plaintiff's petition is fully sustained by the evidence.

The main question in the case, as we view it, arises upon the construction to be given to a clause in the contract, reading as follows: "It is mutually agreed that time is an essential element in this contract, and it is further agreed that in case either of the parties hereto shall fail to perform the stipulations of this contract, or any part of the same, he shall pay the other party to this contract the sum of $5,000 as damages for nonfulfilment of contract." It is earnestly insisted by the plaintiff that the stipulation for the payment of damages for the benefit of either of the parties to the contract in case of default was intended by the parties as the limit of liability, and that the contract should be construed as giving the plaintiff the right to either accept the deed and pay the purchase price, or to pay the stipulated sum as damages, and likewise giving to the defendants the election of executing the deed or paying the stipulated damages. There can be no doubt but that the contract is essentially one of bargain and sale of the land de-

scribed. It is, of course, competent for parties to enter into a contract by which the rights of the parties thereunder may be limited to an action for damages for breach thereof, and also to stipulate as to the amount of liquidated damages. The only question here is whether the parties intended by this clause of the contract to limit the remedy to an action at law for damages. In the absence of any stipulation to the contrary, in a contract for the sale of land, where there is a default, the party not in default has a choice of remedies. He may sue at law for damages, or bring an action in equity for specific performance. These remedies are open to him unless he has foreclosed such right by the terms of his contract. In actions at law brought on a contract containing a stipulation of forfeiture, for a specific sum in case of breach, the question often arises whether the sum named is a penalty, or liquidated damages, and whether the party seeking to recover is entitled to actual damages or the amount agreed upon by the parties. In such cases, if it appears that the amount agreed upon as liquidated damages is a fair estimate of the amount of damages which might reasonably be expected to follow a breach of the contract, the courts will enforce the amount of damages as agreed upon by the parties. In a court of equity, however, the question is whether, by the terms of the contract, the party in default has the election of one or two ways of fulfilling his contract. The contract in the case before us, as we view it, was not in the alternative, and the provision for the payments of damages in case of default did not defeat the right of either of the parties to resort to an action of specific performance. This precise question was before the court in *Kettering v. Eastlack,* 130 Ia. 498. In that case the contract contained a clause as follows:

"It is further agreed that if either party to this contract shall fail to perform it according to its terms and tenor, and the other party is ready to perform it according to the terms and tenor, then the party so failing

shall forfeit to the party who has not failed the sum of $500 as liquidated damages."

It will be observed that there is no substantial difference between the stipulation in the contract in that case and the provisions of the contract in the case at bar. In discussing the case, the Iowa court said:

"Counsel for appellant contend that, in view of this provision for liquidated damages, plaintiff is not entitled to specific performance, but is limited to his remedy at law. If the contract were in the alternative so that the defendants had the option of conveying or paying a stipulated sum by way of liquidated damages, then no doubt it would be improper for a court of equity to interfere (citing cases). But the mere fact that liquidated damages are provided for as a part of the contract does not convert it into an optional contract under which the obligor is entitled to relieve himself from the duty of specific performance by paying the liquidated damages. Where it is apparent that the intention was that the obligor convey and the provision for damages or penalty is simply a means of securing conveyance, the obligor cannot relieve himself from the duty to convey, which equity will enforce, by tendering payment of the penalty or damages (citing cases). It is plain in this case that the contract was to convey, and not primarily to pay damages. If the plaintiff had sought relief in an action at law, he no doubt would have been limited to the recovery of the damages stipulated, but there is nothing in the contract to indicate that plaintiff should be confined to his remedy at law, and denied his equitable right to enforce specific performance."

These views find support in the following cases: *Koch v. Streuter*, 218 Ill. 546, and note in same case, 2 L. R. A. n. s. 210; *Amanda Gold Mining Co. v. People's Mining Co.*, 28 Colo. 251; *Brown v. Norcross*, 59 N. J. Eq. 427; *Phœnix Ins. Co. v. Continental Ins. Co.*, 87 N. Y. 400; *Dooley v. Watson*, 67 Mass. 414; *La Prelle v. Brown*, 220 S. W. (Tex. Civ. App.) 151.

Of course, it is competent for the parties to contract that, upon the payment of a certain sum, the contract "is to become null and void," or "that the payment will be in full satisfaction of the contract," or similar words indicating the intention of the parties to be that the payment by the party in default is in lieu of all the rights of the other party under the contract. In such cases specific performance will not lie. This doctrine is illustrated in *Davis v. Isenstein*, 257 Ill. 260, 45 L. R. A. n. s. 52, and note; *Heckman's Estate*, 236 Pa. St. 193.

There is some conflict in the decisions of the various courts upon the question now under consideration. In a very recent case, *Dekowski v. Stachura*, 185 N. W. (Wis.) 549, the contract under consideration contained a stipulation very similar to the contract in the case at bar, and it was held that each party reserved the right to withdraw from the contract upon the payment of the sum stipulated, and that specific performance would not be decreed.

From what has been said, it follows that the judgment of the district court is right, and it is

AFFIRMED.

Dean, J., dissents.