DONALD F. ALBERS ET AL., APPELLEES AND CROSS-APPELLANTS, v. RAYMOND KOCH ET AL., APPELLANTS AND CROSS-APPELLEES, IMPLEADED WITH MIDWEST LAND COMPANY, APPELLEE AND CROSS-APPELLEE.
173 N. W. 2d 293

Filed December 19, 1969. No. 37327.

Olds & Reed, for appellants.

Ryan & Scoville, for appellees Albers.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Donald F. Albers and wife sued for $4,500, which they had paid down on the purchase price of farmland. They contended that sellers, Raymond Koch and wife, had breached contractual provisions for possession. Kochs cross-petitioned for specific performance and for $160, which they had paid for fall plowing. After trial the district court rendered judgment against Kochs for $2,841 as partial restitution. The cross-petition was dismissed. Kochs have appealed. Alberses have cross-appealed.

Alberses had paid Kochs the $4,500 upon making the agreement in May 1968, promising to pay $4,500 on December 1, $14,000 on March 1, 1969, and the balance of the $87,000 purchase price in 20 annual installments. Actual possession was to be delivered on March 1, 1969. Time was to be of the essence. The agreement also provided: ". . . in case . . . defects in the title, . . . cannot be cured . . . (the $4,500 down payment) is to be refunded, and in the event of the refusal or failure of the Buyer to consummate the purchase, to be retained by the Seller as liquidated damages . . . . Buyers shall have the privilege, . . . to fix fences, remove trees and to fall plow after the 1968 crop is harvested. The Buyers shall

not disturb the Tenants growing crops or fall grazing privileges."

Grazing on part of the tract, 240 acres which included 47 acres of trees and roads, were cattle of Raymond Koch's brother Herman, a subtenant. Another brother, Donald, was in possession of the tract under a year-to-year tenancy from March 1. Raymond had orally notified brother Donald in April 1968 that Raymond was listing the tract for sale with possession on March 1, 1969.

On September 4, 1968, Raymond, a California resident, in a letter with copy to Alberses, who lived 17 miles from the tract, informed Donald Koch of the sale: "I agreed . . . that he can fall plow after the 1968 crop is harvested. I don't know how many acres you had into small grain or soil bank but I understood that Mr. Albers would like to fall plow close to 60 acres . . . I also said that Mr. Albers can fix fence or remove trees if it doesn't disturb your fall grazing."

Donald Albers visited Raymond's brothers after September 4, 1968, about entering on the land that fall. The gate was padlocked, and "no trespassing" signs were posted. Donald Koch left the entry decision to Herman, whose language was unequivocal: Albers had no right there; should he trespass, Herman would shoot him.

The situation brought Raymond to Nebraska, where Alberses on October 21, 1968, notified him that the tenant's refusal constituted a breach of the contract. Restitution was demanded. On October 23 an order in a suit by Raymond restrained his brothers from interference with performance of the purchase agreement. On the same day Donald Koch signed this consent: ". . . Raymond Koch, his agents or assigns will have immediate right to fall plow the 40 acres from which the crop has been harvested or which has been summer fallowed . . . , the undersigned also agrees to permit . . . (them) to remove trees, to repair fences, as long as they do not disturb his crops or grazing privileges on

the balance of the land . . . not fall plowed. The . . . lease terminates February 28, 1969."

Shortly after October 23, 1968, Donald Miller, Raymond's agent, engaged Valgene Stratman, a custom farmer, to plow 40 acres of the tract. Raymond's attorney promptly notified Alberses in a letter enclosing copies of the restraining order and Donald Koch's consent. The plowing was completed that month, and the $160 charge was paid by Donald Koch. There is testimony of Miller to authority from Alberses in August to engage Stratman. Testimony of Donald Albers to a meeting with Stratman that month is that "we didn't ask him to . . . plow for sure." Testimony of Donald Albers' father to an August meeting with Miller is: "Q . . . did either you or your son agree to pay the cost of fall plowing? A No. . . . Q Did your son agree to have Valgene Stratman plow the ground? A Well, he said if anybody would plow it he thought Valgene would be the best."

Until the trial Alberses did not complain that the number of acres plowed was only 40. After October 23, 1968, no one denied them entry. On November 29, 1968, they again demanded restitution for refusal of entry and for sellers' "failure to . . . obtain or be assured of obtaining possession . . . on March 1, 1969." Holding over as tenant after February 28, 1969, had been the subject of three separate conversations between Donald Koch and Donald Albers. The latter had requested a written statement of intention to hold over. Donald Koch refused. He and Herman were still occupying the land at the time of trial in April 1969.

The remedy of restitution for breach of contract is available to a plaintiff only in case defendant's breach is total. A slight breach does not terminate the duty of the injured person unless nonperformance of an express condition requires that result. Restatement, Contracts, § 347, Comment e, p. 587. See Klapka v. Shrauger, 135 Neb. 354, 281 N. W. 612 (1938).

Specific performance may properly be decreed in spite of a minor breach by plaintiff, the breach involving no substantial failure of the exchange for the performance to be compelled. Restatement, Contracts, § 375 (2), p. 691.

The fact that a contract provides for payment of liquidated damages for breach of promise is not a bar to specific enforcement of the promise. Where a contract provides for such payment as a true alternative performance, the promisor's election to pay this price will prevent specific enforcement of the alternative against him. Restatement, Contracts, § 378, p. 700. See, Adams v. Adams, 156 Neb. 778, 58 N. W. 2d 172 (1953); Ruzicka v. Saylor, 107 Neb. 631, 186 N. W. 968 (1922); Edmiston v. Hupp, 98 Neb. 84, 152 N. W. 296 (1915); Hickey v. Brinkley, 88 Neb. 356, 129 N. W. 553 (1911). To the extent of conflict Boehmer v. Wellensiek, 107 Neb. 478, 186 N. W. 326 (1922), is disapproved.

We find neither total breach of contract by defendants Koch nor nonperformance of a condition that terminated Alberses' duty of performance. Existence of the tenancy to March 1, 1969, under the circumstances afforded Alberses no excuse for refusing to proceed with the contract. See 6 Williston on Contracts (3d Ed., 1962), §§ 878 and 879, pp. 357 and 366. Liquidated damages were not to be a true alternative performance. Alberses did not contract to pay the $160 charge for fall plowing. They were not entitled to restitution. Defendants Koch were entitled to a decree of specific performance.

That part of the judgment dismissing the cross-claim for fall plowing is affirmed. The other parts are reversed and the cause remanded for proceedings consistent with this opinion. Costs on appeal are taxed to Alberses.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.