DOWD GRAIN COMPANY, INC., APPELLEE, v. FRANK A. PFLUG ET AL., APPELLANTS.
227 N. W. 2d 610

Filed April 10, 1975. No. 39718.

David S. Lathrop of Lathrop, Albracht & Dolan and Atkinson & Kelley, for appellants.

Francis M. Casey, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and McCOWN, JJ., and LYNCH and BURKE, District Judges.

BURKE, District Judge.

This is a suit for specific performance of a contract for a sale of real estate.

After a bench trial the court found that the purchaser was entitled to a decree of specific performance and the defendants have appealed.

An action for specific performance is triable de novo on appeal to this court. § 25-1925, R. R. S. 1943; Friehe Farms, Inc. v. Haberman, 191 Neb. 292, 214 N. W. 2d 916.

We affirm.

The defendants contend that time was of the essence of the contract and that the purchaser was guilty of a material breach of contract justifying rescission by failing to make payment of the first installment on the date specified in the contract.

The defendants were the owners of approximately 91 acres of farm land in Sarpy County, Nebraska. The defendants listed their land for sale with their real estate agent for $320,000 sometime prior to January 1970. In his negotiations for the purchase of the land the purchaser met exclusively with the real estate agent and the legal counsel for the defendants and it was not until several months after the contract was signed that the purchaser met the defendants.

In June 1970, the parties executed a written agreement providing for the sale of the land to the plaintiff for the sum of $300,000. The agreement provided for a payment of $2,000 upon execution of the agreement with the balance of $298,000 to be paid in four annual installments. The first installment of $73,000 was due on June 15, 1971, with the three remaining installments of $75,000 coming due on the anniversary dates of the first installment.

The agreement was entered into with the understanding that the purchaser would be able to obtain certain commercial zoning and necessary access. The purchaser, with the cooperation of the defendants, was to

proceed without unnecessary delay to obtain the necessary changes. If the zoning and access had not been obtained by June 15, 1971, the purchaser had the right upon payment of $10,000 to be applied to the first installment payment to extend the due date on the remaining balance on said installment to the date access was obtained or June 15, 1972, whichever was earlier. The contract did not provide that time was, of the essence.

The defendants under the terms of the contract were to execute warranty deeds to the property and deliver the deeds to the Bank of Papillion, as escrow agent, to be held until such time as delivery was authorized by the contract. In addition, the defendants were to provide an accurate description of a 2-acre tract surrounding the farmstead which, under the contract, was to be conveyed separately and which the defendants were permitted to occupy until final payment. Finally, the contract provided that should default be made in payment of the contract when due, the entire balance could be declared due and payable at the option of the defendants.

We have sketched the material portions of the contract and we now look into the acts and conduct of the parties in carrying out the contract in order to determine their true intent.

The purchaser paid $2,000 upon execution of the agreement and its counsel met with officials of the Department of Roads in November 1970 concerning the procedure for obtaining necessary access. In December 1970 purchaser's counsel met with a consulting engineer to determine the cost of obtaining sufficient engineering information to satisfy the requirements of the Department of Roads to permit access. The zoning change was approved by the board of county commissioners in January 1971. In February the engineers met with an official of the Department of Roads. A survey of the property was commenced in May 1971.

On May 25, 1971, the defendants forwarded a letter to the purchaser calling its attention to the fact that the first payment date of June 15, 1971, was rapidly approaching and inquiring as to the progress made in obtaining access. The purchaser had not obtained the necessary access as of June 15th.

On June 22nd, counsel for the plaintiff delivered a certified check in the amount of $10,000 to Mrs. Pflug. When asked by trial counsel for the purchaser at the trial why he had not made the payment on June 15th, counsel for the purchaser replied, "I hadn't calendared the date and I just missed it." On July 1st the defendants by letter returned the check to the purchaser and stated that the contract was void because of the purchaser's failure to make the payment on or prior to June 15th. At a meeting among the parties on June 28th, the defendant, Frank Pflug, stated that if the check had been 2 or 3 days late he would not have objected, but being a week late he did object.

As of June 15th, the defendants had not obtained an accurate legal description of the farmstead, had not placed the warranty deeds in escrow, and had not taken steps to remove a lien against the land.

The suit was filed in February 1972, and, within the time limits provided by the contract, the purchaser has tendered the remaining payments to the clerk of the District Court.

In the ordinary contract for the sale of real estate, time is not of the essence unless so provided in the instrument itself or is clearly manifested by the agreement construed in the light of the surrounding circumstances. Where time is not of the essence, performance must be within a reasonable time. Langan v. Thummel, 24 Neb. 265, 38 N. W. 782; Klapka v. Shrauger, 135 Neb. 354, 281 N. W. 612; Schommer v. Bergfield, 178 Neb. 140, 132 N. W. 2d 345.

Specific performance should, in general, be granted, as a matter of course, of a written contract cognizable

in equity, which has been made in good faith, whose terms are certain, whose provisions are fair, and which is capable of being enforced without hardship and when the ends of justice will be served thereby. Garsick v. Dehner, 145 Neb. 73, 15 N. W. 2d 235.

In a contract for the sale of land specific performance may properly be decreed in spite of a minor breach by the plaintiff involving no substantial failure of the exchange for the performance to be compelled. Restatement, Contracts, § 375 (2), p. 691; Albers v. Koch, 185 Neb. 25, 173 N. W. 2d 293.

Neither was there an express provision in the contract that time was of the essence nor does an examination of the contract as a whole clearly manifest such an intent. The relaxed manner in which the parties conducted themselves in carrying out the provisions of the contract clearly negatives any such intent.

Although a specific period of time was provided in the contract for the payment of the first installment, the breach was minor and, under the circumstances, equity treats such a provision as formal rather than essential.

AFFIRMED.