CITY OF COLORADO SPRINGS, a
Municipal Corporation, State of
Colorado, Plaintiff–Appellant,

v.

GENERAL INSURANCE COMPANY OF
AMERICA, Safeco Insurance Company
of America, Washington Corporations;
and Mountain States Investment Build-
ers; Gene A. Becker, Individually and as
a partner in and d/b/a Mountain States
Investment Builders, a partnership;
Dick N. Richards, Individually and as a
partner in and d/b/a Mountain States
Investment Builders, a partnership; and
Clyde Skeen, Individually and as a part-
ner in and d/b/a Mountain States In-
vestment Builders; John Does, one
through five inclusive, Individually and
as a partner in and d/b/a Mountain
States Investment Builders, Defend-
ants–Appellees,

and

The Union Printers Home, Third–Party
Defendant.

No. 79CA0486.

Colorado Court of Appeals,
Div. I.

April 3, 1980.
Rehearing Denied May 15, 1980.
Certiorari Granted Aug. 18, 1980.

Rector, Retherford, Mullen & Johnson,
Jerry A. Retherford, Neil C. Bruce, Colora-
do Springs, for plaintiff–appellant.

Cross, Gaddis & Kin, P. C., Larry R. Gad-
dis, Colorado Springs, Grant, McHendrie,
Haines & Crouse, P. C., Peter J. Crouse,
Denver, for defendants–appellees.

COYTE, Judge.

Plaintiff, the City of Colorado Springs,
appeals from a summary judgment in favor
of defendants Mountain States Investment
Builders (MSIB), as principal, and Safeco
Insurance Company and General Insurance
Company, as sureties, on a surety bond filed
by MSIB in connection with the construc-
tion of street improvements in a platted
subdivision. We reverse.

This dispute arose from MSIB's attempt
to develop a subdivision within the City of

Colorado Springs. In order to develop the proposed site, the City required MSIB to build roads, gutters, and curbs for access into the area. A condition precedent to the City Council's approval of the final plat was that MSIB provide security, in accordance with the City's ordinances, for completion of the project. The ordinances provide in pertinent part:

"The improvements required below shall be constructed and installed by the subdivider or provisions made therefor, prior to the final approval of the subdivision and the final plat thereof. In lieu of the completion of such improvements, the subdivider may provide a letter of credit to secure to the City the actual construction of the improvements within such period as shall be determined by the Director of Public Works or the Director of Public Utilities. Said letter of credit shall be in an amount adequate to cover the cost of the improvements as determined by the Director of Public Works or the Director of Public Utilities. The letter of credit, and all conditions thereof, must meet the satisfaction of the City Council.

. . . . .

"*Materials Required to Accompany Final Plat*

(a) Letter of Credit and/or Cash or Performance Bond–To secure to the City the actual construction and installation of all required street improvements if the improvements are not installed; . . . prior to consideration of the final plat by the City Council."

MSIB obtained a bond through Safeco Insurance Company, which stated that:

"[MSIB and Safeco] are held firmly bound unto THE CITY OF COLORADO SPRINGS, COLORADO, in the sum of Two Hundred Eighty Eight Thousand One Hundred Four and 50/100 Dollars.

. . .

"WHEREAS, the above bounden MOUNTAIN STATES INVESTMENT BUILDERS has filed or is about to file with the CITY OF COLORADO SPRINGS, a plat at Barnes Avenue and Printers Road, Col-

orado Springs, Colorado, which requires that *within twenty–four (24) months*, said principal will complete paving streets, sidewalks, curbs, gutters, and storm drains in accordance with the requirements of the City of Colorado Springs pertaining thereto.

. . . . .

"NOW, THEREFORE, the condition of this obligation is such that if the above bounden Principal, shall faithfully perform and complete said paving streets, sidewalks, curbs, gutters, and storm drains, then this obligation shall be void; otherwise to remain in full force and effect." (emphasis added)

Upon receipt of the bond and the plat mentioned in the bond, the City Council approved the plat.

Prior to filing the bond and the plat, MSIB had requested a zoning change which would have allowed it to construct a high rise office building in the subdivision. The City Council denied this request, and MSIB instituted an action to review that decision in the district court. While the review action was pending, MSIB filed the bond and plat. However, the bond does not mention, and is not conditioned upon, approval of the rezoning.

At the expiration of the twenty–four month period, defendants had completed only the rough grading of the streets. The City then brought this suit seeking recovery of the $288,104.50 face amount of the bond. MSIB and Safeco defended on the ground that the City had shown no damages and therefore, could not recover under the bond.

The City filed, and the trial court denied, a motion for summary judgment. Instead, the trial court, relying primarily on *County of Yuba v. Central Valley National Bank, Inc.*, 20 Cal.App.3d 109, 97 Cal.Rptr. 369 (1971), entered summary judgment for MSIB and Safeco, stating: "A requirement for guarantee to insure completion of improvements is to prevent loss, and where the improvements are not installed, the development itself is abandoned, then there is no damage and the court [will not] order an 'illegal forfeiture.'" This was error.

■ The written language in the surety bond agreement between plaintiff and defendants must be construed according to the same rules of construction applicable to any other contract. *Restatement of Security* § 88. This language unambiguously binds defendants to the plaintiff for the sum of $288,104.50 unless MSIB completes the construction of the roads according to the plat; and Safeco is the insurer that MSIB would either perform or pay. *See Empire State Surety Co. v. Lindenmeier*, 54 Colo. 497, 131 P. 437 (1913). There is no requirement in the bond that the City first prove damages.

■ Since there was no ambiguity in the bond, the trial court acted improperly by imposing, as a matter of law, the implied condition that surety bonds of this nature require the obligee to prove damages in order to recover. *See Pacific County v. Sherwood Pacific, Inc.*, 17 Wash.App. 790, 567 P.2d 642 (1977).

An analogous situation was at issue in *Board of County Commissioners v. Colorado National Bank*, Colo.App., 607 P.2d 1010 (decided August 30, 1979), *cert. granted*, March 10, 1980. There, the county recovered the face amount of a letter of credit posted to guarantee completion of a road project, even though no expenditures on the project had been made. In affirming that recovery, this court held that "the transaction or contracts underlying the Bank's issuance of the letter of credit have no bearing whatsoever on the bank's primary liability to the beneficiary of the letter, the county."

While the statute governing letters of credit is the Uniform Commercial Code, § 4–5–102(1), C.R.S.1973, we do not see that a different rule should be adopted merely because the subdivider decides to meet the city ordinance requirement by filing an insurance company bond instead of obtaining a letter of credit.

The appropriate rule for bonds furnished pursuant to statutory requirements is stated in 5 *S. Williston, Contracts*, § 775B at p. 661 (3rd ed.):

"The rule developed by equity that the recovery in a penal bond is limited to the actual damage suffered by breach of the condition is subject to certain qualifications. Where the law imposes by statute a penalty for the doing or failure to do a particular act, it is no defense that the failure has not caused damages equal to the statutory penalty, and the wrongdoer is not the less liable for the full penalty if under the authority of law a bond is taken to secure performance."

*Accord, Clark v. Barnard*, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883) (recovery on similar bond allowed upon proof of non–performance of statutory duty even though no damages shown).

Defendants refer to *Turck v. Marshall Silver Mining Co.*, 8 Colo. 113, 5 P. 838 (1884) as supporting their contention that the city must prove actual damages. However, that case is inapposite in that the bond there was not obtained under requirement of law.

In view of the foregoing, all that is required to impose liability on Safeco is proof of failure to complete construction of the roads within the specified time limit. *See, People ex rel. Barber v. Transamerican Insurance Co.*, 10 Cir., 385 F.2d 61 (1967). And, since it is undisputed that MSIB did not complete construction of the roads within two years, plaintiffs' motion for summary judgment should have been granted. *Abrahamsen v. Mountain States Telephone and Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

The judgment is reversed and the cause is remanded with directions to enter summary judgment in favor of the plaintiff.

SMITH and KELLY, JJ., concur.