# Safron, Appellant, *v.* McBurney et al.

*Equity—Specific performance—Vendor and vendee—Outstanding interest—Defect in title—Abatement of purchase money.*

Where a widow and two adult children agree in writing to convey real estate, for a sum named, the purchaser cannot demand conveyance of the interests of the three vendors, with an abatement proportioned to the value of an outstanding minor's interest, where the agreement provided that the title was to be such as would be insured by a title insurance company, otherwise the contract to be void, and the title was not in fact passed by such company.

Argued January 19, 1921.   Appeal, No. 242, Jan. T., 1921, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1920, No. 4437, dismissing bill in equity, in case of Joseph Safron, assignee of Benjamin Dobkin, v. David McBurney & Son, Agents, Anna M. Sandberger et al. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill in equity for specific performance.

AUDENRIED, P. J., filed the following opinion:

. The bill avers that the defendants agreed in writing to sell and convey to one Dobkin a lot of ground on the northeast corner of Fifteenth and Federal streets in the City of Philadelphia; that Dobkin assigned his rights under that contract to Safron, the plaintiff; that the latter, at the time appointed, came to the place fixed for settlement ready and willing to perform the covenants of the purchaser, but there found none of the defendants; that, although the latter undertook to convey the whole of the lot above mentioned, Anna M. Sandberg has but a dower interest therein, the defendants, Dorothy Sandberg and Otto E. Sandberg, children of hers, have each merely a one-third share therein, subject to her dower right, and the other defendants have no interest whatever in the lot, being nothing more than agents for the three defendants with whom they are joined; that the plaintiff, within the time specified by the contract for the settlement, none of the other defendants being accessible, went to Anna M. Sandberg, tendered her for execution a deed conveying to him the interests that she, Dorothy Sandberg and Otto E. Sandberg have respectively in the lot, and offered to pay the consideration money named in the contract of sale, "as diminished, abated, reduced and proportioned to the deficiency of the defendant's title"; and that Mrs. Sandberg refused both to accept the money and to execute the deed.  The plaintiff prays that the defendants be required to perform their contract by conveying to him "all their right, title

and interest" in the property above referred to, upon receipt of the purchase money agreed on, less an abatement proportioned to the value of so much of the property as they cannot convey, and that meanwhile they be enjoined from encumbering it or selling it to any other person.

The contract referred to in the bill binds the defendants to convey in its entirety the lot for whose sale it provides, and stipulates that "the title is to be such as will be insured by any reliable title insurance company." In its seventh paragraph appears a clause which reads, "In the event of the title not being such as contracted for, the contract shall be void, and any payment made thereon returned to the party of the second part [the vendee], in lieu of any claim for damages." Since the plaintiff alleges that the defendants are not seized and possessed of the entire subject-matter of the sale, and that this defect has been noted upon the settlement certificate issued by the reliable company to which he applied for the insurance of the title to the lot, it is impossible to grant the relief prayed for. The defendants agreed only to convey the lot to Safron's assignor, Dobkin, if they could, and expressly stipulated that, if they could not convey what they. had agreed to sell, they should be called on for nothing except the return of the hand money. In view of this stipulation the demurrer must be sustained and the bill dismissed. The court cannot close its eyes to any essential term of a contract that it is asked to enforce.

The court thereupon dismissed the bill. Plaintiff appealed.

*Error assigned* was above decree, quoting it.

*Jacob Weinstein,* with him *I. Austin Wolfe,* for appellant.

*W. Logan MacCoy,* of *MacCoy, Evans, Hutchinson & Lewis,* with him *George Vaux, Jr.,* for appellee, was not heard.

PER CURIAM, February 14, 1921:

A bill in equity, praying specific performance of a contract for sale of real estate and an abatement of purchase price, because defendants, admittedly, cannot convey the full title they contracted to sell, was dismissed on demurrer, and plaintiff has appealed.

We adopt the opinion of the learned President Judge of the court below, which satisfactorily disposes of the case.

The decree is affirmed at cost of appellant.