34 So.2d 825

## McKENZIE et al. v. SUTTON.

### I Div. 303.

Supreme Court of Alabama.

April 16, 1948.

448

Vickers, Leigh & Thornton, of Mobile, for appellants.

Jere Austill, of Mobile, for appellee.

LAWSON, Justice:

On February 2, 1946, C. W. McKenzie and his wife, A. M. McKenzie, appellants,

and A. C. Sutton, appellee, entered into an executory contract for the sale of a lot situated in the city of Mobile. The agreement reads as follows:

"February 2, 1946

"C. W. McKenzie
"1151 Rotterdam Street
"Mobile, Alabama

"I make you a firm offer of Eleven hundred fifty and no/100 ($1150.00) Dollars cash, for your lot on the Northeast corner of Dublin and Houston Streets in the City of Mobile, Alabama.

"It is understood that you are to deliver a clear title to me free from any paving debts and all taxes and convey the lot to me by warranty deed.

"I give you herewith Twenty-five and no/100 ($25.00) Dollars as earnest money to bind this trade which is to be considered as part of the purchase price when the trade is closed or returned to me if your title is found not merchantable.

"Please indicate below your acceptance of this offer so that I can have Mr. Austill proceed at once to examine your title and draw the papers.

"Yours very truly,

"/s/  A. C. Sutton

"We accept the above offer and are ready to close when your attorney finds the title satisfactory.

"/s/  C. W. McKenzie
"/t/  C. W. McKenzie
"/s/  A. M. McKenzie"

At the time this agreement was entered into all parties thereto were ignorant of any existing defect in the title of the McKenzies to the lot in question. The McKenzies claimed under a warranty deed from one Emma P. Baugh, which was executed in November, 1922, and for which they paid the sum of $750.

When Hon. Jere Austill, an attorney, who appears to have represented Sutton throughout this transaction, examined the title to the lot he found that the said Emma P. Baugh in June, 1917, had executed a warranty deed conveying this same lot to Thomas and Mary Bell McKenzie for a recited consideration of $325. Thomas and Mary Bell McKenzie were the father and mother of the appellant C. W. McKenzie.

Austill wrote his client, Sutton, of the existence of this latter deed, sending a copy of the letter to the McKenzies. A. M. McKenzie, the wife, then conferred with Mr. Austill and advised him that she and her husband could not go through with the transaction inasmuch as the contract called for a warranty deed conveying merchantable title and that they could not execute such conveyance in view of the deed from Emma P. Baugh to Thomas and Mary Bell McKenzie, the existence of which they were unaware at the time they entered into the agreement with Sutton. It does not appear with certainty when Thomas and Mary Bell McKenzie first occupied a house which was located on the lot in question. But it does appear that they were living in that house in 1919 together with their children, other than the appellant C. W. McKenzie. Thomas McKenzie died in 1919. Mary Bell McKenzie and the three children remained in this house and were living therein when the appellants, C. W. and A. M. McKenzie, secured their deed from Emma P. Baugh in 1922. The appellants, since securing their deed from the said Emma P. Baugh, have assessed and paid taxes on the property in question and have paid public improvement assessments. Mary Bell McKenzie and the children continued to live in this house without paying any rent to C. W. McKenzie or his wife, A. M. McKenzie, until 1929, when the house was torn down. Mary Bell McKenzie died in 1932 and the whereabouts of her children, other than the appellant C. W. McKenzie, is unknown. Since the house was torn down in 1929 the lot has remained vacant. It has not been occupied or used by the appellants or by anyone else. According to the testimony of the appellants, prior to becoming apprised of the deed from Emma P. Baugh to Thomas and Mary Bell McKenzie, they had never considered that anyone else had any claim, title, or interest in the lot in question and no one had ever questioned their title thereto.

After Mr. Austill had his first conversation with the appellant A. M. McKenzie, he again contacted his client, Sutton. Sutton then advised him that if he, Austill, considered the title satisfactory that he, Sutton, was ready to go through with the transac-

tion and forwarded to Mr. Austill the sum of $1125 with which to close the trade. Twenty-five dollars had previously been paid to the appellants as earnest money. However, they later returned the $25 after learning of the deed from Emma P. Baugh to Thomas and Mary Bell McKenzie.

On March 4, 1946, Mr. Austill, representing Sutton, wrote the appellant C. W. McKenzie advising him that Sutton had placed in his hands the money with which to complete the transaction and requested that the appellants have a deed prepared. Again A. M. McKenzie contacted Mr. Austill, stating that she was reluctant to sign a warranty deed. Austill testified that he then told her, "I will be willing to take a statutory warranty deed," but she refused to execute such a deed.

After such refusal this suit was filed on March 30, 1946. It is a bill for specific performance and the prayer of the bill as amended is as follows:

"Complainant prays that upon consideration of the premises that this Honorable Court will be pleased to enter its decree directing the respondents to execute and deliver to the complainant a conveyance of said real property as contemplated by the contract of February 2, 1946, upon payment of the balance of the consideration, viz.: the sum of Eleven hundred twenty-five and no/100 ($1125.00) Dollars, and should the respondents fail or refuse to do so that this Honorable Court will be pleased to permit the complainant to pay said balance of the consideration into the treasury of this Court and the Court will thereupon execute a conveyance to the complainant of all right, title and interest of the respondents therein and thereto; * * * that the respondents be required to pay all costs herein incurred and for such other, further or different relief as the complainant might be entitled to in the premises."

The defendants, in their answer, admit the execution of the contract as set out in the amended bill and admit that they refused to execute a deed to the property. They attempt to justify their refusal on the ground that they were under no obligation to convey under the terms of the contract unless they had a merchantable title and

that they did not have such title in view of the deed from Emma P. Baugh to Thomas and Mary Bell McKenzie.

The decree of the trial court as here pertinent is as follows:

"Now therefore it is considered, ordered, adjudged and decreed by the court, that the said Allen C. Sutton, the complainant in this cause, shall and he hereby is directed to pay into the registry of this Court, the sum of One thousand one hundred fifty and no/100 ($1,150.00) Dollars as the consideration for said real property which the respondents agreed to accept therefor;

"And it is further considered, ordered, adjudged and decreed by the Court that the said C. W. McKenzie and A. M. McKenzie, the respondents in this cause, shall and they are hereby directed to convey the real property described in the bill of complaint to the complainant, Allen C. Sutton, within thirty (30) days from the date hereof and to deliver said conveyance, executed with proper legal formality and with the proper United States internal revenue stamps affixed thereon and containing covenants of warranty against any encumbrance done or suffered by them upon or against the title to said land, to the Register of this Court within thirty (30) days from the date hereof; * * *

"And it is further considered, ordered, adjudged and decreed by the Court that upon the failure of said respondents to make and deliver said conveyance as herein ordered within thirty (30) days from the date hereof, that the Register of this Court shall thereupon make, execute and deliver to the complainant a conveyance of all the right, title and interest of the respondents in and to said real property to the said Allen C. Sutton, and upon the delivery of said conveyance all right, title, interest, claim and demand of the respondents in and to said real property shall be divested out of them and invested in the said Allen C. Sutton; * * *."

Appellants contend that the language of this contract is to be construed as if it had included therein language which is often found in contracts of this kind to the effect that the contract is void and earnest money to be refunded in the event title of the vendor is found not to be merchantable.

It is further contended by appellants that when such a provision is incorporated into an executory contract for the sale of land and the title is found to be not merchantable without fault on the part of the vendor, the vendee cannot compel the vendor to convey such interest as he has in the property, inasmuch as the court cannot rewrite a contract. Reliance is had upon a number of out-of-state cases, including Old Colony Trusts Co. v. Chauncey, 214 Mass. 271, 101 N.E. 423; Barker v. Critzer, 35 Kan. 459, 11 P. 382; Boehmer v. Wellensiek, 107 Neb. 478, 186 N.W. 326; Edwards Lumber & Land Co. v. Smith, 191 N.C. 619, 132 S. E. 593; Safron v. McBurney & Son, 269 Pa. 392, 112 A. 677. These cases just cited are in most instances authority for the position insisted upon by appellants. These cases were considered by this court in the case of Mitchell v. White, 244 Ala. 603, 14 So.2d 687, where they were distinguished from the case there under consideration. Although distinguished and therefore considered not controlling, appellants insist that the treatment of those cases in Mitchell v. White, supra, shows a recognition by this court of the rule announced therein. We do not think that the opinion in Mitchell v. White, supra, is subject to such construction. Those cases had been cited by counsel as applicable to the case of Mitchell v. White and we proceeded to show their inapplicability to the facts at hand. We did not hold that the rule therein announced would be controlling in this state to facts similar to those out of which the rule grew.

In Minge v. Green, 176 Ala. 343, 58 So. 381, 382, the executory contract as to which relief was sought contained the following provision: "Title to be good and merchantable or contract void and earnest money to be refunded." The contract called for an exchange of real estate. Green's wife refused to join in the conveyance. Minge sought specific performance, praying that Green be required to convey to complainant the land, "free from all incumbrances; or, if a release of the dower right cannot be procured, that conveyance be made subject to that right, with an equitable abatement of the purchase price to the extent of the value of such incumbrance." We held that the provision that title is to be good and merchantable, or contract void and earnest money to be refunded, "must be construed as meaning that each party may at his option avoid his obligation to convey his property to the other party, and may decline to receive the other party's conveyance, unless such other party can convey a good and merchantable title to him. *But either party may nevertheless stand upon the contract, and require its execution to the extent of the other's ability.*" (Emphasis supplied)

The case just cited and quoted from clearly holds that despite such a provision in an executory contract for the sale of land, the vendee may waive the provision as to merchantable title where the wife refuses to join in the conveyance and a court of equity will require the husband to convey subject to the wife's dower interest and allow the vendee an abatement as to the purchase price.

But appellants say that case is not here controlling, the distinction pointed out being that in this case the inability of the vendors to execute a warranty deed conveying merchantable title is not due to any fault or wrongdoing on their part, whereas a married man who contracts to convey good title, if possible, knows at the time of the execution of the contract that his wife must join in the conveyance to give the purchaser a merchantable title.

But this court held in Alexander v. Abernathy, 215 Ala. 41, 108 So. 849, that a provision in a contract to sell real property to the effect that title was to be good and merchantable or contract void and earnest money to be refunded, was inserted for the benefit of the purchaser and not the seller, and that the purchaser could waive a defect in the title and the seller could not complain, and when the purchaser waived the defect and agreed to take the property it became the duty of the seller to consummate the sale. In that case the refusal of the wife to join in the conveyance was not involved. The defect in the title of the vendor was a building restriction.

We hold, therefore, that regardless of whatever may be the rule in some of the other states, in this jurisdiction under a contract such as here considered, and where, as here, the vendee at the time of

452

the execution of the contract was unaware of any defect in the vendor's title, the vendee may waive full performance, elect to accept the title which the vendor is able to convey, and maintain a bill for specific performance accordingly. McCreary v. Stallworth, 212 Ala. 238, 102 So. 52. Such is not the rule where the vendee at the time of the execution of the contract knew of the defect in the vendor's title. Weatherford v. James, 2 Ala. 170.

Appellants next insist that the trial court erred in decreeing partial performance in this case because the pleadings were not so framed as to warrant that relief. It is true that the bill prayed that the court order the respondents (appellants) to execute a conveyance as contemplated by the contract, which was by warranty deed, and in case of their refusal to do so that the Register convey by quitclaim deed. But the complainant also prayed "for such other, further or different relief as the complainant might be entitled to in the premises." Under this prayer for general relief the court was authorized to require the respondents to partially perform the contract. Bartee v. Matthews, 212 Ala. 667, 103 So. 874; Kent et al. v. Dean, 128 Ala. 600, 30 So. 543.

The decree of the trial court did not require a deed with general covenants of warranty, but did require that the conveyance contain covenants of warranty against any encumbrance done or suffered by them upon or against the title to the land. We can see nothing improper or unjust in this requirement.

We have given careful consideration to the insistences of counsel for appellant, but we are unable to find where the decree of the trial court can work any injustice to appellants. They are receiving the full amount of the purchase price agreed upon and relieved of the burdens of the general covenants of warranty. The court did not order any abatement of the purchase price to be paid by Sutton.

Although the appeal is from the final decree, appellants assign as error the action of the trial court in overruling their demurrer to the bill as last amended. Of course, such a ruling can be reviewed on the appeal from the final decree. Phelan et al. v. Tomlin et al., 164 Ala. 383, 51 So. 382; § 755, Title 7, Code 1940.

It is insisted that those grounds of demurrer taking the point that the bill did not allege the capacity of the respondents to perform in accordance with the terms of the contract sought to be enforced should have been sustained and that, therefore, the court erred in overruling the demurrer. Reliance is had upon Obermark v. Clark, 216 Ala. 564, 114 So. 135, 136, 55 A.L.R. 1153, and Parsons v. Liuza, 205 Ala. 206, 87 So. 801. We do not think that either of these cases is controlling here. In Obermark v. Clark the action was for breach of contract. The breach alleged was that the defendants failed or refused to furnish abstract of title brought down to date, and failed or refused to close the trade within ten days after the execution of the contract. The contract which was pleaded contained a provision that "the trade to be closed within 10 days, or as soon as merchantable title can be effected." Since the breach alleged was the failure to perform within the ten-day period and the contract showed that it was not incumbent upon respondents to perform within the ten-day period unless during that time merchantable title could be effected, it was held incumbent upon complainant to allege that during the ten-day period the respondents were able to perform. That is not the instant case. The case of Parsons v. Liuza, supra, was a bill for specific performance of a contract to convey land, and to that extent similar to the instant case. It was there said: "While the bill does not in terms aver that the respondent has title to the property, *and may be demurrable for this reason,* yet this point was not taken by specific demurrer." (Emphasis supplied) So it appears that what was there said cannot be taken as a positive pronouncement by this court that in a bill such as the one here under consideration it is incumbent upon the complainant to allege the ability or capacity of the respondent to perform.

In Penney v. Norton, 202 Ala. 690, 81 So. 666, 668, it was said:

"When the bill shows a contract of sale and agreement to convey, which is definite and certain enough to be performed, it is

not necessary that the bill should negative any other terms or conditions. If such there be, these are defensive matters available only by plea or answer. A plaintiff is only required to show affirmatively a right to relief, or to recover; he is not required to negative all possible defenses."

■ The general rule in most jurisdictions seems to be that a bill for specific performance need not contain allegations to the effect that the respondent was able to perform, as his inability is a matter of defense. Such a bill is said to be sufficient if it does not appear therefrom that performance is impossible. 58 C.J. 1166, 1167, § 495. We are in accord with this rule, and since it does not appear from the amended bill here under consideration that performance on the part of the respondents was impossible, we hold that the demurrer was correctly overruled.

The sufficiency of the bill is not otherwise questioned in brief of counsel for appellants.

We have considered the questions insisted upon in brief of counsel for appellants, and finding no reversible error, the decree of the trial court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.