87 So.2d 539

**MADISON LIMESTONE COMPANY, Inc., et al.**

v.

**W. E. McDONALD et al.**

8 Div. 831.

Supreme Court of Alabama.

May 10, 1956.

See also, ante, p. 291, 87 So.2d 545.

---

[1]. Ante, p. 23.

Carl A. Morring, Jr., Bell, Morring & Richardson, Huntsville, for appellants.

Watts & Salmon, Huntsville, for appellees.

PER CURIAM.

This is an appeal by respondents from an order granting a temporary injunction after notice and hearing as authorized by sections 1054 and 1057, Title 7, Code.

The bill alleges that on May 6, 1955 complainant W. E. McDonald paid $1,680 to the individual respondents as the consideration of an option to be exercised in thirty days, which they executed on that day, granting him, his heirs and assigns the right to purchase all the shares issued and outstanding on the books of the Madison Limestone Company at the price of $210 per share, of which $105 "shall be payable in cash upon the exercising of this option and the balance of said purchase price shall be and become payable in three (3) equal, annual installments. * * * The act of exercising, hereinabove mentioned, of this option shall be consummated by notice in writing to Lawson E. Jarrell, as president of Madison Limestone Co., Inc., and shall be *accompanied by a tender of payment* of the portion of the stipulated purchase price which is stipulated hereinabove to be paid in cash, said tender to be by either certified or cashier's check". The bill alleges that the capital stock was worth approximately $200,000.

Before this suit was begun W. E. McDonald transferred and assigned twenty-five percent of his interest in the agreement to Roy M. Niel and a like interest to S. R. Moore. The three are complainants. All of the shareholders together with the corporation are respondents.

The bill prays for a temporary injunction (which complainants designate a temporary restraining order) enjoining the corporation from declaring or paying dividends, transferring on its books shares of stock, issuing additional "capital stock," removing any of its machinery and equipment beyond the State, paying salaries and wages to respondents in greater amounts than they were receiving May 31, 1955, paying an alleged salary, bonus or gift to respondent Stella Rogers Jarrell (who, it is alleged, rendered no service to the corporation). It also sought a temporary injunction enjoining respondents, other than the corporation, from selling or transferring their capital stock or pledging it for personal loans or otherwise.

The final relief sought is a declaratory judgment and for specific performance by the individual respondents, and general relief.

The bill alleges in paragraphs 5, 6, 7 and 8, as follows:

"5. That on to wit: May 31, 1955, respondents breached said option agreement by failing to accept, and by preventing complainants from paying the balance of the purchase price provided for in said option agreement, although tender of the entire consideration was by complainants attempted; and thereafter respondents retained possession of said capital stock and physical assets of said corporation, and have thereafter continuously and wrongfully treated and used the same as their own, excluding complainants from possession and control of the same.

"6. And complainants are informed and believe, and on such information and belief charge the fact to be that said respondents are dissipating the current assets of said corporation by paying to Mrs. Stella Rogers Jarrell, the mother of several of the respondents, the sum of $400.00 per month, for which she renders no services to said corporation, and by increasing the salaries of the officers of said corporation.

"7. That subsequent to notice to the respondents by the complainants that they would exercise the option and purchase said capital stock, on to wit: May 31, 1955, the respondent, Madison Limestone Co., Inc., wrongfully paid a dividend upon all of the capital stock referred to in said option agreement in the amount of $12.00 per share, reducing the value of said stock in the total amount of $20,160.00; that the respondents, after the 31st of May 1955, and after the complainant, W. E. McDonald, had paid $1680.00 to the respondents, in the wrongful exercise of their claim to the capital stock and ownership of said corporation, wrongfully satisfied a mortgage secured by the assets of said corporation in the amount of to wit: $62,572.94, out of current assets, thus wrongfully reducing the operating capital of said Madison Limestone Co., Inc.

"8. Complainants would further show unto the court that they are still ready, able, willing and anxious to pay the respondents, other than Madison Limestone Co., Inc., the amount of the purchase price of said stock due, subject to this court's adjustment in price made equitably necessary by the acts of the respondents in their manner of dealing with said corporation after the execution by respondents of said option agreement and the delivery and acceptance of the same by the complainant, W. E. McDonald; and complainants do hereby agree and offer to abide by all orders and decrees of this court that may be entered in this proceeding, and hereby offer to do equity."

The question here, as stated above, is the review of an order for a

temporary injunction. When so, the following principles control as stated in Slay v. Hess, 252 Ala. 455, 41 So.2d 582, 584:

"In passing on the application for the issuance of an injunction pendente lite, the trial court is invested with a wide judicial discretion and has the right to consider and weigh the relative degree of injury or benefit to the respective parties, and where such discretion is not abused the order of the circuit court will not be disturbed. Jones v. Jefferson County, 203 Ala. 137, 82 So. 167; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516; Boatwright v. Town of Leighton, 231 Ala. 607, 166 So. 418.

" 'The right to temporary injunction does not depend on any advance finding for complainant on the merits. Odoms v. Woodall, 246 Ala. 427, 20 So.2d 849; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269. It is not necessary that complainant must present a case which will certainly entitle him to a decree upon a final hearing for he may be entitled to temporary injunction though his right to relief may ultimately fail. If the bill clearly shows a substantial question to be decided, a temporary injunction to preserve the status quo is in order. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Coxe v. Huntsville Gaslight Co., 129 Ala. 496, 29 So. 867.' Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857, 861."

■ In acting on a bill seeking a temporary injunction, we must first see that it contains equity as then set up. McHan v. McMurry, 173 Ala. 182, 55 So. 793; Loop National Bank v. Cox, 255 Ala. 388, 51 So.2d 534. In determining whether it has equity, shown on its face, its averments alone are to be considered, that is, "unaided by construction and unamplified by assumed amendment." McHan v. McMurry, supra [173 Ala. 182, 55 So. 794]; Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566; Loop National Bank v. Cox, supra. When the bill contains equity, the trial judge, in granting a temporary injunction to preserve the status quo until the final hearing, exercises a wide discretion, taking into consideration the relative advantages and disadvantages resulting from granting or refusing to grant the injunction. Unless that discretion is abused it will not be disturbed on appeal. Slay v. Hess, supra; Loop National Bank v. Cox, supra.

■ A court of equity not only has jurisdiction to make a declaratory judgment when an actual justiciable controversy is shown to exist, but it also has jurisdiction for the specific performance of a contract to sell all the capital stock of a corporation. Boozer v. Blake, 245 Ala. 389, 17 So.2d 152.

■ We are dealing with an option to begin with. It was to become a contract of purchase if and when it is accepted according to its terms; or when its acceptance, adding new conditions, shall be approved as thus tendered. Asbury v. Cochran, 243 Ala. 281, 9 So.2d 887; Gadsden Bowling Center v. Frank, 249 Ala. 435(3), 31 So.2d 648, 172 A.L.R. 1430. Acceptance may be accomplished by filing a bill in equity within the time specified, in which the terms of the opinion are met and complied with. Asbury v. Cochran, supra (headnote 4).

■ Since the bill was not filed within thirty days after the option was executed it must show that the right to a performance accrued before the bill was filed and within the specified time, and this must be apparent upon the face of the bill to support a decree for specific performance.

■ We now revert to the question of the equity of the bill. It not only seeks a declaration settling the effect of the option and whether it became a contract to purchase, but it also seeks the supplemental relief of specific performance. This is available. Dozier v. Troy Drive In Theatres, 258 Ala. 417, 63 So.2d 368. The bill should be sufficient to obtain the relief of specific performance to support the right to a temporary injunction. It is true that

the supplemental relief may be legal as well as equitable, Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69, but when the supplemental relief is equitable the conditions which justify it should be alleged. The injunction here is in aid of a claim of specific performance as supplemental relief.

If complainants do not show a right to purchase the stock of the corporation and have it assigned to them, enforceable in equity, the court will not issue an injunction to preserve the status. We must therefore see if the facts alleged in the bill show that complainants have become executory purchasers of the property by accepting the option under the agreement. As we have stated, the allegations must show that status as a conclusion of law, unaided by possible amendments. Paragraph 5 of the bill, quoted above, alleges that complainants were prevented by respondents from paying the balance of the purchase price provided for in said option agreement. (That is $105 per share less $1,680 earnest money.) That is not good pleading, in that it expresses a conclusion without sufficient supporting facts and would make that aspect subject to demurrer on grounds specifically assigned. Equity Rule 14, Code 1940, Tit. 7 Appendix. But notwithstanding such defect of pleading, the bill has equity in that aspect. If complainants were prevented by respondents from paying or making a tender required by the option, exactly as there stipulated, they would be excused from doing so and could for that reason become executory purchasers under the option agreement without such specific tender. The notice of an election to exercise the option is alleged to have been made within thirty days from its date, on to wit, May 31, 1955.

As we have shown, the bill alleges that complainants are ready, able, willing and anxious to complete the purchase, pay the purchase price and do equity. The money is not brought into court. But that is not necessary when acceptance of the option was completed before the bill was filed, and the relation of vendor and purchaser created. Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Mitchell v. Walker, 235 Ala. 458, 179 So. 633; Boozer v. Blake, supra.

It is conceded, of course, that the acceptance of an option must be substantially as required by its terms and all conditions complied with. Asbury v. Cochran, supra. If a tender at the time of notice of acceptance is set up as a condition to its acceptance, the tender is necessary to make the acceptance complete unless there is a valid excuse for not doing so.

The bill here has equity for a specific performance, whether in that aspect it be subject to demurrer for not properly pleading it. It expresses conclusions which, if true, support its equity. The prayer for a temporary injunction was heard on the sworn bill offered by complainants and the testimony of respondents' witnesses examined before the trial judge. As we have shown, the trial judge has a wide discretion in granting such a writ and will be reversed only if such discretion is exercised arbitrarily or is abused.

The assignments of error in the main are not predicated on a ruling of the court. It is essential that they should be. Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Kinnon v. Louisville & Nashville, R. Co., 187 Ala. 480, 65 So. 397; Freeman v. Blount, 172 Ala. 655, 55 So. 293; Life & Casualty Ins. Co. v. Womack, 26 Ala.App. 6, 151 So. 881, certiorari denied 228 Ala. 70, 151 So. 880.

Assignment of error No. 10 is based on a ruling which needs no discussion.

Assignments 11, 12 and 13 merely assign various reasons why the order granting the injunction was erroneous. The other assignments are in no sense appropriate.

The office of an assignment of error is not to point out legal contentions, but only to inform this Court that appellants as-

**302**

sign as erroneous certain named rulings. Kinnon v. Louisville & Nashville R. Co., supra.

We shall treat assignments 11, 12 and 13 as sufficient to review the order of the court granting a temporary injunction, although they are not properly expressed.

The option agreement is signed by twelve members of the Jarrell family and it is to sell all the shares of stock of the corporation referred to. They are all made respondents. The Madison Limestone Company was incorporated in 1954 under the laws of Alabama. John K. Jarrell, one of the stockholders, is alleged to be a minor and resides in Tennessee, where some other members of the family reside. James G. Jarrell personally signed the option agreement and also signed it followed by the words "(guardian for John K. Jarrell)". The evidence shows that the guardian was appointed in Tennessee. There is no evidence of the authority of the guardian to sign the agreement by the laws of Tennessee or Alabama or a court of either state. The evidence shows that afterwards a petition was filed by the minor in the probate court of Tennessee to approve the sale, and that it was denied.

This is a joint appeal by all the respondents, including the minor (John K. Jarrell), who jointly assign errors with no order of severance. We will consider only those questions applicable to all of them jointly. Voltz v. Childers, 253 Ala. 369, 44 So.2d 604. Therefore, we cannot consider the effect of the option on John K. Jarrell, the minor. We observe that his rights and status are dependent upon principles which we need not discuss and will not do so now, nor what effect they may have upon the manner of accepting the option by complainants.

All the adult Jarrells signed the option in question, which is to buy *all the shares of stock* of the corporation issued and outstanding. It does not purport to be an agreement by each separately as to the shares he separately may own. It matters not under the option who owns the shares, respectively, or whether they are jointly owned. If the option cannot be effectuated exactly as set up because all the shares cannot be conveyed on account of the minority of John K. Jarrell, there may nevertheless be specific performance, but controlled by principles which equity has applied. We will merely refer to some of the cases. Minge v. Green, 176 Ala. 343, (5, 6 and 7), 58 So. 381; McCreary v. Stallworth, 212 Ala. 238, 102 So. 52; Mitchell v. White, 244 Ala. 603(6), 14 So.2d 687; Deason v. Dobson, 250 Ala. 396 (5 and 6), 34 So.2d 596; McKenzie v. Sutton, 250 Ala. 447, 34 So.2d 825; Golden v. Golden, 256 Ala. 187(10), 54 So.2d 460. See 49 Am.Jur. 119, section 102.

This suggests the existence of controversies which demonstrate the importance of maintaining the integrity and relative status of the property involved until there is a final hearing.

It results from the foregoing that the decree of the trial court should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.